IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alec V. Matthews, #39661-018, | ) |
|                           Petitioner, | ) C/A No. 1:19-3074-MBS |
| vs. | ) |
| | ) **ORDER AND OPINION** |
| Travis Bragg, | ) |
|                           Respondent. | ) |

Petitioner Alec V. Matthews[1] is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Beckley in Beaver, West Virginia. Petitioner was convicted in the Middle District of Florida in 2001 for (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, and (2) knowing possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). The government filed an information pursuant to 21 U.S.C. § 851 that informed Petitioner he was subject to an enhanced sentence for a prior felony conviction. On April 25, 2002, Petitioner was sentenced to a term of imprisonment for 240 months as to the first count and 60 months as to the second count, to be served consecutively. The 240 month sentence as to the first count represented the statutory mandatory minimum term of imprisonment, as enhanced because of the prior felony conviction. Petitioner's conviction and sentence were affirmed by the Court of Appeals for the Eleventh Circuit on May 13, 2003. United States v. Mathews, 67 F. App'x 587 (Table) (11th Cir. 2003).

In 2004, Petitioner filed a motion to vacate, set aside, or correct pursuant to 28 U.S.C. § 2255

---

[1] Petitioner also is referred to as "Alec V. Mathews" in various filings.

that was dismissed as time-barred. See United States v. Mathews, Case No. 8:01-cr-180-T-17TBM, 8:04-cv-2401-T-17TBM, 2004 WL 7324050 (M.D. Fla. Nov. 10, 2004). It appears Petitioner moved the Eleventh Circuit for permission to file a successive § 2255, which motion was denied. Petitioner also filed motions for reduction of sentence pursuant to Amendment 782 to the United States Sentencing Guidelines, as well as for relief under the Fair Sentencing Act and First Step Act, which motions were denied by the Middle District of Florida on the grounds that (1) Petitioner received a statutory mandatory minimum sentence, not one based on offense calculations under the Guidelines, such that Amendment 782 did not apply; and (2) Petitioner's drug offense was not a "covered offense" for purposes of the Fair Sentencing Act and First Step Act. United States v. Matthews, Case No. 8:01-cr-180-T-17TBM, 2019 WL 469 WL 4696982 (M.D. Fla. Sept. 26, 2019).

On October 20, 2019, Petitioner, proceeding pro se, filed a petition in this court for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner asserts the following grounds for relief: (1) ineffective assistance of counsel (Ground One); (2) 18 U.S.C. § 924 was found to be unconstitutional under the residual clause and mere possession of a firearm does not mean active employment (Ground Two); (3) Amendment 782 is retroactive, his § 851 enhancement is invalid, and, under The First Step Act of 2018, the predicate offense does not qualify for a § 851 enhancement (Ground Three). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

The Magistrate Judge reviewed the petition pursuant to the Rules Governing Section 2244 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996, and other authorities. The Magistrate Judge observed the court lacks jurisdiction to review Petitioner's challenge to his conviction based on ineffective assistance of counsel, as these claims

properly are brought pursuant to § 2255.

The Magistrate Judge also observed that Petitioner was precluded from bringing his claims under § 2241 unless he could show a § 2255 motion is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e). A § 2255 motion is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 225 F.3d 328, 333-34 (4th Cir. 2000).

The Magistrate Judge determined that the substantive law had not changed such that the conduct of which Petitioner was convicted has been deemed not criminal because, contrary to Petitioner's contentions:

• Petitioner was not convicted of a "crime of violence" under 18 U.S.C. § 924(c)(3)(B), which section was deemed unconstitutional in United States v. Davis, 139 S. Ct. 2319 (2019);

• Section 924(c)(1)(A) does not require proof of use of a gun in relation to a drug trafficking crime;

• Petitioner's conviction under § 924(c)(1)(A) is not implicated by Rehaif v. United States, 139 S. Ct. 2191 (2019), which interprets 18 U.S.C. §§ 922(g) and 924(a)(2); and

• Petitioner's enhanced sentence was based on a prior drug conviction, so is not affected by United States v. Johnson, 135 S. Ct. 2551 (2015), which dealt with enhanced sentences under § 924(e)(1).

3

The Magistrate Judge further noted that § 2255 may be inadequate and effective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

The Magistrate Judge determined that:

- Petitioner's § 851 enhancement was enforceable because the government established during sentencing that Petitioner had been convicted of a prior felony drug offense and had been sentenced to a term exceeding one year. Thus, contrary to Petitioner's arguments, Petitioner could not show that settled substantive law changed to invalidate his sentence.

- Petitioner did not qualify for relief under Amendment 782 because he received a statutory mandatory minimum sentence. Thus, Petitioner could not show that the substantive law changed under Amendment 782 such that the sentence presents an error sufficiently grave to be deemed a fundamental defect.

- Petitioner did not qualify for relief under the Fair Sentencing Act and First Step Act because he was not sentenced for a crack cocaine offense or a violation of 21 U.S.C. § 844. Therefore, Petitioner was unable to show that the substantive law changed such that his sentence presents an error sufficiently grave to be deemed a fundamental defect.

For all these reasons, the Magistrate Judge recommended that the § 2241 petition be dismissed without requiring Respondent to file a return. Petitioner did not object to the Report and

Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Petitioner's § 2241 petition is dismissed without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

March 4, 2020